

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Geo. W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-6329
Re: Under the facts stated,
can the State Department
of Health assist the Texas
Water and Sanitation Re-
search Foundation, a
private corporation, in
the promotion of a building
equipped with laboratory
and research facilities,
which will aid the State
Department of Health?

We have received your recent request for an opinion
on the subject quoted as follows:

"The Texas Water and Sanitation Research Foun-
dation has been incorporated under the provisions of
Article 1302, Revised Civil Statutes of the State of
Texas, 1925, by: W. F. Hicks, Captain Lewis Dodson,
E. J. M. Berg, Dr. George W. Cox, Robert W. Harding,
Conrad F. Russell, and A. F. Mitchell, all citizens
of Texas.

"A copy of the Articles of Incorporation is
attached hereto. The purposes of the Foundation are
stated in Article 3 of the Articles. A President,
Secretary-Treasurer, and Board of Directors have been
elected. The purposes are educational and charitable.

"Under the Charter, the Corporation has rights
and powers to receive donations, grants, devices,
gifts, appropriations, allotments of money, real or
personal property from individuals, corporations,
foundations, and governmental agencies; and to invest,
re-invest, manage, transfer title by deed or otherwise,

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ...........

Hon. Geo. W. Cox, page 2

property so received, to construct buildings and facilities for the use and benefit of the Corporation in whatever manner the Board of Directors may decide; and to make financial grants, grants in aid, grant scholarships, certificates of merit, awards, and honorariums to carry on its purpose, and to elect directors, select and employ personnel and assistants.

"The Corporation is a non-profit self-perpetuating membership Corporation with no capital stock.

"The Foundation, although still in its infancy, is sponsoring a training course for the State Department of Health and has for its objective the construction of a building equipped with laboratory and research facilities which it is planned to construct on land owned by the State adjoining our present building and connected with it, and this building with its facilities will become the property of the State.

"The State Department of Health in many of its activities promotes or rather assists cities and counties in promoting public health activities, including the securing of hospitals, health center buildings, water and sewer systems, garbage facilities, and the like.  In some of these projects, such as county health units, we subsidize or cooperate financially in the setting up of such health services. Since there is an unusual demand at this time for further research and for which research facilities are needed if we are to industrialize this State, and if we are to prepare ourselves for the carriers with tropical diseases that will be coming into the State, and if we are to meet some of our present urgent problems such as typhus control, a building with research facilities is urgently needed.

Hon. Geo. W. Cox, page 3

"Since the Research Foundation will probably
provide most of the finances for this building and
these facilities we write to inquire whether or not
our Department can assist the Foundation in the
promotion of this building and research facilities
even to the same extent of soliciting funds along
the same line that we have been soliciting funds
for our other health activities. We will appreciate
a written opinion from you on this subject and shall
be glad to furnish you with any other details sur-
rounding this proposed venture that you may request."

The following quoted statutes authorize the establish-
ment of the State Department of Health and define its general
powers and duties:

Article 4414a, Vernon's Annotated Civil Statutes:

"To better protect and promote the health of
the people of Texas, there is hereby established
the State Department of Health, which Department
shall consist of a State Board of Health, a State
Health Officer and his administrative staff, and
which shall have the general powers and duties
authorized and imposed by the provisions of this
act."

Article 4418a, Vernon's Annotated Civil Statutes:

"The State Board of Health shall have the
following powers and duties:

"(1) To elect, by a majority vote of the whole
membership of the Board, a State Health Officer, who
shall be executive of the State Department of Health,
subject to the further provisions of this Act; and to
suspend or remove said officer for good and sufficient
cause, sustained by a majority of the Board membership;
provided, that said officer shall not be removed until
he has been given a hearing before said Board, if he so
elects. Immediately after the appointment of a new
State Board of Health, as provided in this Act, said
Board shall organize, and appoint a State Health Officer,
who shall serve as such, unless sooner removed as above
provided, until the last regular quarterly meeting of
the Board in 1928; and at such meeting, and every two
years thereafter, the State Board of Health shall

Hon. Geo. W. Cox, page 4

appoint a State Health Officer, who shall serve, unless sooner removed as above provided, for a term of two years and until his successor shall be appointed and shall have qualified.

"(2) To investigate the conduct of the work of the State Department of Health, and for this purpose to have access, at any time, to all books and records thereof, and to require written or oral information from any officer or employee thereof.

"(3) To adopt rules, not inconsistent with law, for its own procedure, a copy of which rules shall be filed in the State Department of Health."

Article 4418d, Vernon's Annotated Civil Statutes:

"The State Health Officer shall be the executive head of the State Department of Health, and he shall, subject to the provisions of this Act, exercise all the powers and discharge all the duties now vested by law in the Texas State Department of Health and the State Health Officer, as well as all powers now vested by law in any officer, assistant, director or bureau head of the State Department of Health, excepting only such powers as may be conferred by this Act upon the State Board of Health hereby created. The State Health Officer, with the approval of the State Board of Health, may organize and maintain within his Department such divisions of service as are deemed necessary for the efficient conduct of the work of the Department. From time to time, he shall appoint directors of such divisions, as well as other employees of the Department, and shall designate the duties and supervise the work of all such directors and employees. He shall have the power, with the approval of the State Board of Health, to prescribe and promulgate such administrative rules and regulations, not inconsistent with any law of the State, as may be deemed necessary for the effective performance of the duties imposed by this or any other law upon the State Department of Health and its several officers and divisions."

Hon. Geo. W. Cox, page 5

Article 4418f, Vernon's Annotated Civil Statutes:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

Art. 4419, Vernon's Annotated Civil Statutes:

"The State Board of Health shall have general supervision and control of all matters pertaining to the health of citizens of this State, as provided herein. It shall make a study of the causes and prevention of infection of contagious diseases affecting the lives of citizens within this State and except as otherwise provided in this chapter shall have direction and control of all matters of quarantine regulations and enforcement and shall have full power and authority to prevent the entrance of such diseases from points without the State, and shall have direction and control over sanitary and quarantine measures for dealing with all diseases within the State and to suppress same and prevent their spread. The president of the board shall have charge of and superintend the administration of all matters pertaining to State quarantine."

We believe the above set out statutes provide ample authority for the receiving by the State Department of Health, of donations and contributions to be used and expended in the interest of the public health as provided by statute.

However, in this connection, we find no authorization for the State Department of Health or any of its component parts to promote or assist in the promotion of the acquisition of facilities as proposed by you. However, desirable such facilities may be, they must await the generosity of some private donor or

an act of the Legislature providing for the construction and equipping of same by the State. In no case could such facilities be constructed upon property of the State of Texas without proper authorization by the State Legislature.

Trusting the above satisfactorily answers your question, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robert L. Lattimore, Jr.
Assistant.

FILED JAN 18, 1945

ATTORNEY GENERAL OF TEXAS

RLL:rt

